## Commonwealth *v.* Friedman, Appellant.

*Criminal law—Arson—Charge of court—Sufficiency.*

In the trial of an indictment for arson, the charge of the court is sufficient, which impartially directs the attention of the jury to the accusation of the defendant's guilty participation in the destruction of the building, and the defense of alibi, which was presented on behalf of the latter.

An alibi, that the defendant was not near the place where the fire originated, must be supported by a fair preponderance of credible evidence that he was not present when the crime alleged was committed, and the burden is upon the defendant to satisfy the jury of this fact.

Argued October 5, 1925.  Appeal No. 49, April T., 1926, by defendant from judgment and sentence of O. & T. Allegheny County, November Sessions, 1923, No. 63, in the case of Commonwealth of Pennsylvania v. Joseph Friedman.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Indictment for arson.  Before REID, J.
The facts are stated in the opinion of the Superior Court.
Verdict of guilty on which judgment to sentence was passed.  Defendant appealed.

*Errors assigned,* among others, were the charge of the court and refusal to grant a new trial.

*O. K. Eaton,* and with him *Samuel Millken,* for appellant.

*George F. P. Langfitt,* Assistant District Attorney, and with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY HENDERSON, J., November 13, 1925:
The assignments of error relate to the charge of the court and complain (1) that there was a failure to instruct the jury that they must find as a fact that the defendant actually set fire to the building before they could return a verdict of guilty of arson; (2) that the charge was defective with respect to the alibi presented by the defendant; (3) that the charge as a whole was inadequate and prejudicial.
The first specific complaint is that the court failed to charge the jury that they could only render a verdict of guilty when satisfied beyond reasonable doubt that the defendant set the building on fire.  A perusal of the evidence and of the charge shows that the defendant was accused of igniting the fire which destroyed

the building and the sole question was as to the defendant's guilt in that respect. At the beginning of the charge the accusation of the indictment was brought to the attention of the jurors wherein it was recited that the defendant started the conflagration, and in the discussion of the testimony bearing on the alibi, the court said: "If he (the appellant) was not about the premises, he could not have set fire to the premises." The jury could have had no other understanding from the instruction given than that the question for their determination was whether the defendant had caused the fire. From the beginning to the end of the charge the attention of the jury was directed to the accusation; to wit, the defendant's guilty participation in the destruction of the building and the evidence tending to show his connection therewith and the evidence in his favor supporting the allegation that he was not present at the time the fire started and therefore could not have been responsible for the burning of the property. The presence of the defendant at the building when the fire started, as shown by some of the witnesses for the commonwealth, and the fact that he was seen running away from the building about the time the fire was discovered, was correctly stated by the court to be evidence which would support a conviction if believed by the jury. That would no doubt be understood by the jury to mean that a person fleeing from a building at two or three o'clock in the morning just before a fire broke out on the premises would be such evidence of guilt as unexplained would support a conviction although no witness saw the defendant light the match which started the burning.

It was not necessary that the commonwealth show by witnesses the actual starting of the fire. It was sufficient to prove an association of facts from which the guilt of the defendant could be reasonably and satisfactorily drawn. The evidence was, it is true, in a degree circumstantial, but evidence of that character

is often relied on by the commonwealth and may be resorted to, to produce a conviction, where it points clearly to the defendant's guilt. We do not find error in the charge of the court on the defense that the appellant was not present at the time and place alleged by the commonwealth. The attempt was to satisfy the jury that the defendant was not near the place where the fire originated and that the accusation was unfounded. To make such a defense available, the burden was on the defendant to satisfy the jury by a fair preponderance of the credible evidence that he was not present when the crime alleged was committed, and this was the instruction given by the learned trial judge: Rudy v. Commonwealth, 128 Pa. 500; Com. v. Troy, 274 Pa. 265. If the jury did not believe from such preponderance that the defendant's evidence on the subject was credible, the case was to be disposed of on the testimony presented tending to show that the accused was actually at the building and was seen fleeing therefrom at the time the fire was discovered.

We are unable to concur in the criticism of the appellant that the charge was inadequate. We regard it as a fair presentation of the case; the evidence being submitted with such comments as to relevancy as enabled the jury to intelligently understand the question at issue and the significant facts which should be taken into consideration in arriving at the verdict.

The assignments of error are overruled and the judgment affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.